5 F.3d 544
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
David TURK, Defendant-Appellant.
 No. 92-30455.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 2, 1993.*
Decided Sept. 10, 1993.
 
 Before: KILKENNY, SNEED, and FERGUSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 David Turk appeals from the district court's decision upholding his conviction following a bench trial before a magistrate judge on a charge of "constructing, placing, or maintaining an improvement" (viz., a water pipe) on national forest land without a special use permit, in violation of 36 C.F.R. Sec. 261.10(a). Turk's sole challenge to his conviction is that the government failed to prove that Turk himself "construct[ed], plac[ed], or maintain[ed]" the water pipe on federal land. We reject this contention and affirm.
 
 
 3
 The government only had to produce evidence showing that Turk either built a new, or maintained an existing, improvement on federal land without first obtaining a special use permit therefor. See 36 C.F.R. Sec. 261.10(a). The government did not have to prove any criminal intent on Turk's part. See United States v. Kent, 945 F.2d 1441, 1446 (9th Cir.1991) ("section 261.10 does not require violations to be 'knowing' or 'willful' "). The evidence produced at trial showed, inter alia, that more than 200 feet of underground pipe had been laid for carrying water from federal land onto private land belonging to Turk; this underground pipe constituted a recent (i.e., post-1982) improvement;[1] this flow of water directly benefitted Turk's property; Turk did not deny ownership of the improvement; Turk accepted responsibility therefor;[2] and Turk never obtained a special use permit for the pipe.
 
 
 4
 Viewing this evidence in a light most favorable to the prosecution, we conclude that a rational trier of fact could have found beyond a reasonable doubt that sufficient circumstantial evidence existed to convict Turk of maintaining an unauthorized improvement on federal land. See Jackson v. Virginia, 447 U.S. 307, 319 (1979). Accordingly, the judgment appealed from is
 
 
 5
 AFFIRMED.
 
 
 
 *
 This case is appropriate for submission on the briefs and without oral argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not suitable for publication and may not be cited to or by the courts of this Circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We do not discount the testimony of Turk's mother on this point, but find it more consistent with and relevant to the purported age of the nearby open trench, which also apparently served as a water conduit
 
 
 [2]
 For example, the evidence showed that Turk acknowledged responsibility for the pipe by agreeing to remove it at his own expense